**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DEANDRE PERKINS, | |
| Plaintiff, | Civil Action No. 26-1063 (JXN)(MAH) |
| v. | |
| ALYCIA LEWIS and JOHN DOE, | **OPINION** |
| Defendants. | |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Deandre Perkins' ("Plaintiff") civil rights Complaint ("Complaint") filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and an application to proceed *in forma pauperis* (ECF No. 1-2). The Court grants Plaintiff leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's Eighth Amendment failure to intervene claim against Defendant Corrections Officer John Doe may proceed and the remainder of the claims are dismissed without prejudice for failure to state a claim on which relief may be granted.

## I.    BACKGROUND[1]

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

Plaintiff, a prisoner previously confined in Bayside State Prison ("Bayside") in Leesburg, New Jersey, filed a Complaint in this matter.[2] (*See* ECF No. 1.) The Complaint raises claims against Defendant Alycia Lewis, the Administrator at Bayside, and John Doe South Woods State Prison ("SWSP") Corrections Officer. (*Id.* at 3.) The Court construes the Complaint as raising Eighth Amendment conditions of confinement claims against Defendant Lewis. (*See id.* at 6-7.)

According to the Complaint, the heat and humidity, combined with the lack of proper ventilation, at Bayside have created conditions that violate Plaintiff's Eighth Amendment rights. (*Id.* at 3.) Plaintiff claims that although the cells at Bayside have windows, they have a limited amount of exhaust fans. (*Id.*) Plaintiff submits that many exhaust fans are dirty and missing necessary components. (*Id.* at 3-4.) Additionally, some of the windows are broken and do not open. (*Id.* at 4.)

The showers are adjoined to the housing units. (*Id.* at 3.) The showers are "typically set to hot." (*Id.*) When inmates want to take cold showers in the summer months, they "turn on all of the showers at once to deplete the system of hot water." (*Id.*) Many of the bathroom exhaust fans are broken, causing the humidity from the showers to enter the inmates' cells. (*Id.*) Plaintiff alleges that the air "is contaminated with smoke, mold spores, and aerosolized sewage." (*Id.* at 4.) Bayside does not have air conditioning, exposing inmates to excessive heat. (*Id.*)

Plaintiff alleges that Bayside "has a wild geese problem in which there is feces all over its prison court yards." (*Id.* at 5.) The geese's feces are "regularly power washed which created a film like dust through-out the prison." (*Id.*) Inmates are prohibited from leaving their shoes outside of their cells, exposing them to geese feces that was tracked into their cells. (*Id.* at 6.) This may cause potential viral infections. (*Id.*)

---

[2] In the Complaint, Plaintiff submits that he was moved to South Woods State Prison in July 2025.

Plaintiff submits that in July 2025, he was transferred to SWSP. (*Id.* at 7.) A fellow inmate allegedly stole Plaintiff's television from his cell. (*Id.*) Plaintiff approached said inmate and asked for the television back. (*Id.*) The inmate "gathered up a couple of his friends and told [Plaintiff he] wasn't getting [his] television back." (*Id.*) After lockdown, Plaintiff "punched one of the five dudes that stole [his] television and the[y] jumped [him] and stabbed [him] about 11 times in [the] back." (*Id.* at 6-7.) Plaintiff claims that Defendant Corrections Officer John Doe "stood there and wait[ed] until pushing the code." (*Id.* at 7.)

Plaintiff seeks monetary and injunctive relief. (*Id.* at 8.)

## II.   STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

3

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   DISCUSSION

In the Complaint, Plaintiff alleges (1) Defendant Lewis is liable to him under 42 U.S.C. § 1983 because she violated his Eighth Amendment right to be free from cruel and unusual punishment; and (2) Corrections Officer John Doe violated his Eighth Amendment rights when he failed to intervene. (*See generally* ECF No. 1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged

4

constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Defendant Lewis as the Administrator of Bayside and Corrections Officer John Doe.

### A. Supervisory Liability Claim

Plaintiff alleges that Defendant Lewis, as Administrator of Bayside State Prison, is liable to Plaintiff. (*See* ECF No. 1.) Although Plaintiff names Defendant Lewis as a defendant, the Complaint raises no factual allegations against her. (*See generally* ECF No. 1.)

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1)

the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

Here, Plaintiff fails to state a plausible Eighth Amendment claim for relief against Defendant Lewis as a supervisor. The Complaint is devoid of any factual allegations against Defendant Lewis. Plaintiff fails to allege facts that show that the alleged conditions at Bayside were the result of a policy or procedure. Plaintiff also fails to allege facts that would show Defendant personally participated in Plaintiff's conditions of confinement, directed prison staff's actions, or had contemporaneous knowledge of the fact alleged. While Plaintiff alleges that he complained through the remedy system, that type of allegation—i.e., a claim that grievances were sent to a warden or other administrator—is generally insufficient to establish supervisory liability, absent a plausible allegation that the supervisor had contemporaneous knowledge of the incident and either directed or acquiesced in it.  *See, e.g., Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (affirming dismissal of claims against warden and others, based on allegation they had received grievances; "Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Butler v. Penchishen*, No. 22-3252, 2022 WL 4473590, at *4 (E.D. Pa. Sept. 26, 2022) ("To the extent Butler is attempting to connect any of the individual Defendants to these events based on his allegation that he either filed grievances or wrote them letters, such allegations are unclear and, in any event, would not establish the requisite personal involvement to establish liability."). In short, Plaintiff

does not allege sufficient facts to allow this claim to proceed, and his Complaint against Defendant Lewis is dismissed without prejudice. *See Iqbal*, 556 U.S. at 678.

### B. Failure to Protect Claim

Plaintiff submits that he is raising an Eighth Amendment failure to protect claim against Corrections Officer John Doe. (ECF No. 1 at 7-8.) The Complaint fails to plead facts to state a failure to protect claim

The Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Nonetheless, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. To state a claim against a prison official for failure to protect from inmate violence, an inmate must plead facts that show: (1) he is incarcerated under conditions posing a substantial risk of serious harm; (2) the official was "deliberately indifferent" to that substantial risk of serious harm; and (3) the official's deliberate indifference caused him harm. *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012).

"Deliberate indifference" in this context is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). It is not sufficient that the official should have known of the risk. *Id.* at 133. Moreover, to be liable, the official must have had "a realistic and reasonable opportunity to intervene." *Bistrian*, 696 F.3d at 371.

Here, the Complaint is devoid of any facts that Corrections Officer John Doe had knowledge of a substantial risk of harm to Plaintiff. As such, Plaintiff's failure to protect claim is dismissed without prejudice. *See Iqbal*, 556 U.S. at 678.

### C. Failure to Intervene Claim

The Court construes the Complaint as raising a failure to intervene claim. Plaintiff alleges that Corrections Officer John Doe witnessed Plaintiff being stabbed eleven times and "stood there and wait[ed] until pushing the code." (ECF No. 1 at 7.)

"[A] corrections officer's failure to intervene in a beating can be the basis of liability for [a] . . . violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). "[T]he duration of the incident is key to determining whether there was a reasonable opportunity" to intervene, and an incident's "brevity may defeat a failure-to-intervene claim." *El v. City of Pittsburgh*, 975 F.3d 327, 335 (3d Cir. 2020) (cleaned up) (citing *Ricks v. Shover*, 891 F.3d 468, 479 (3d Cir. 2018)). Yet an incident's duration is generally a factual, rather than a legal, issue, particularly "where the event unfolds in multiple stages." *Id.* (citing *Mensinger*, 293 F.3d at 644, 650); *see also Terebesi v. Torreso*, 764 F.3d 217, 244 (2d Cir. 2014) ("Whether the officer had a realistic opportunity to intervene is normally a question for the jury, unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." (internal quotation marks and citation omitted)).

Plaintiff alleges that Corrections Officer John Doe was present for and observed Plaintiff being stabbed. Plaintiff claims that Corrections Officer John Doe stood there and waited before calling a code.  Based on these allegations, Plaintiff has stated a plausible failure to intervene claim against Corrections Officer John Doe.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**. Plaintiff's Eighth Amendment failure to intervene claim against Defendant

Corrections Officer John Doe shall proceed. The remainder of the Complaint is **DISMISSED**

*without prejudice*. An appropriate Order follows.


**DATED**: 5/12/2026

                                               **JULIEN XAVIER NEALS**
                                               **United States District Judge**